# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES EDWARD TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2924** |
| **GEJOAN GARRETT, ET AL.** | **SECTION "O"** |

## ORDER

Before the Court in this action arising from allegedly fraudulent child-support claims made against *pro se* Plaintiff Charles Edward Taylor more than 10 years before Taylor filed this lawsuit is the report and recommendation[1] of Magistrate Judge Janis van Meerveld. Magistrate Judge van Meerveld recommends that the Court (1) dismiss Taylor's 42 U.S.C. § 1983 claims with prejudice as prescribed, and (2) dismiss Taylor's state-law fraud claim without prejudice for lack of subject-matter jurisdiction.[2] Taylor timely objected; he raises two principal arguments.[3] Both fail.

First, Taylor contends that the prescriptive period on his Section 1983 claims should be suspended (or tolled) "due to the fraudulent actions of the Defendants in concealing material facts, such as the forging of his signature and the denial of a DNA test."[4] The Court is not persuaded. Taylor has not shown the "exceptional circumstances" required to suspend the running of prescription based on the fraudulent-concealment species of *contra non valentem*. That is because Taylor has

---

[1] ECF No. 14.
[2] *Id.* at 4.
[3] ECF No. 18.
[4] *Id.* at 1.

not offered specific facts—rather than mere conclusions—plausibly establishing that (1) Defendants "engage[d] in conduct which rises to the level of concealment, misrepresentation, fraud[,] or ill practice"; (2) Defendants' "actions effectually prevented [Taylor] from pursuing" his Section 1983 causes of action; and (3) Taylor was "reasonable in his . . . inaction." *Marin v. Exxon Mobil Corp.*, 2009-2368, p. 24 (La. 10/19/10); 48 So. 3d 234, 252 (quotation and citations omitted). So the Court may not suspend (or toll) the prescriptive period on Taylor's Section 1983 claims.

Second, Taylor "acknowledges" Magistrate Judge van Meerveld's conclusion that the Court lacks subject-matter jurisdiction over his state-law fraud claim, but Taylor asks the Court to "remand[ ]" that claim to state court.[5] The Court cannot do so. Taylor sued in this Court; the case was not removed from a state court. So the Court may not "remand" Taylor's state-law fraud claim.

In sum, having considered Taylor's complaint[6] and other filings,[7] the relevant law, Magistrate Judge van Meerveld's report and recommendation,[8] and Taylor's objection,[9] the Court overrules the objection, approves the report and recommendation, and adopts the report and recommendation as the Court's opinion.

---

[5] *Id.* at 2.
[6] ECF No. 1; ECF No. 1-1.
[7] ECF No. 5; ECF No. 7; ECF No. 11; ECF No. 12; ECF No. 13; ECF No. 15; ECF No. 16; ECF No. 17.
[8] ECF No. 14.
[9] ECF No. 18.

Accordingly,

**IT IS ORDERED** that Taylor's Section 1983 claims are **DISMISSED WITH PREJUDICE** as prescribed, and Taylor's state-law fraud claim is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

**IT IS FURTHER ORDERED** that Taylor's pending motions[10] are **DENIED**.

New Orleans, Louisiana, this 17th day of March, 2025.

                                                  BRANDON S. LONG
                                                  UNITED STATES DISTRICT JUDGE

---

[10] ECF No. 6; ECF No. 12; ECF No. 13; ECF No. 15; ECF No. 16; ECF No. 17.