**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES EDWARD TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2924** |
| **GEJOAN GARRETT, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is *pro se* Plaintiff Charles Edward Taylor's second Federal Rule of Civil Procedure 60(b) motion[1] for relief from the final judgment dismissing his claims under 42 U.S.C. § 1983 and Louisiana law. The Court denies the motion because Taylor has not met his burden to establish at least one ground for Rule 60(b) relief.

This case arises from allegedly fraudulent child-support claims that Taylor says were made against him more than 10 years before he filed this lawsuit.[2] Magistrate Judge van Meerveld recommended that the Court dismiss Taylor's Section 1983 claims as prescribed and dismiss Taylor's state-law fraud claim for lack of subject-matter jurisdiction.[3] Taylor objected, contending (among other arguments) that the prescriptive period on his Section 1983 claims should be suspended or tolled "due to the fraudulent actions of the Defendants."[4] The Court overruled Taylor's objection, adopted the report and recommendation, and entered judgment dismissing

---

[1] ECF No. 44.
[2] ECF No. 1.
[3] ECF No. 14.
[4] ECF No. 18.

this case.[5] Taylor noticed an appeal,[6] which the Fifth Circuit later dismissed for want of prosecution.[7] Taylor also sought leave to appeal *in forma pauperis*.[8] But the Court denied leave and certified the appeal was not taken in good faith because Taylor failed to show the appeal sought review of any nonfrivolous issue.[9] Taylor moved for reconsideration of that denial three times;[10] the Court denied all three requests.[11]

Taylor then filed his first Rule 60(b) motion for relief from the judgment, asserting excusable neglect under Rule 60(b)(1), newly discovered evidence under Rule 60(b)(2), and extraordinary circumstances under Rule 60(b)(6)'s "catchall" provision.[12] The Court denied that motion because Taylor failed to meet his burden to show any ground for Rule 60(b) relief.[13]

Following that ruling, the Fifth Circuit granted Taylor's motion to reopen the appeal.[14] The court dismissed the appeal as frivolous and issued its judgment as the mandate several weeks later on November 11, 2025.[15] After the Fifth Circuit's decision but before the mandate issued, Taylor moved for leave to file a first amended complaint.[16] The Court referred that motion to Magistrate Judge van Meerveld,[17] who denied the motion without prejudice because "'[a] party seeking to reopen his case

---

[5] ECF No. 19; ECF No. 20.
[6] ECF No. 23.
[7] ECF No. 37.
[8] ECF No. 24.
[9] ECF No. 26.
[10] ECF No. 29; ECF No. 31; ECF No. 34.
[11] ECF No. 33; ECF No. 35.
[12] ECF No. 36.
[13] ECF No. 38.
[14] ECF No. 39.
[15] ECF No. 41.
[16] ECF No. 40.
[17] ECF No. 42.

and replead must first satisfy [Federal Rule of Civil Procedure] 60(b) on its own terms and obtain Rule 60(b) relief'" before the Court can consider whether the plaintiff is entitled to leave to amend their pleadings under Rule 15(a), which Taylor had failed to do.[18]

Now, Taylor again moves for relief from judgment under Rule 60(b), arguing that the judgment of this Court is "void due to fundamental jurisdictional and due process defects arising from the underlying state child-support proceedings that form the basis of this action."[19] Specifically, Taylor asserts that the state court child-support proceedings against him (i) were entered "without subject-matter jurisdiction," reiterating the allegations in his complaint that he was never adjudicated the legal father of the child at issue; and (ii) are void because the state court lacked personal jurisdiction over him and he did not have a meaningful opportunity to be heard as required by the Due Process Clause. Because those state court orders are void, Taylor argues, this Court's judgment is void too, and relief under Rule 60(b)(4) is "mandatory."[20]

The Court may relieve Taylor from the judgment on these grounds:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

---

[18] ECF No. 43 at 2 (quoting *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025)).

[19] ECF No. 44 at 1 (emphasis omitted).

[20] *Id.* at 3-4.

3

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

FED. R. CIV. P. 60(b).

As the Rule 60(b) movant here, Taylor has the burden to establish at least one of those grounds. *See Osborne v. Belton*, 131 F.4th 262, 270 (5th Cir. 2025). Liberally construed, *see Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023), Taylor's *pro se* motion seeks relief on the sole ground that this Court's judgment is void under Rule 60(b)(4).

Taylor fails to meet his burden to show that he is entitled to Rule 60(b) relief on that ground. "'Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" *SEC v. Novinger*, 40 F.4th 297, 302 (5th Cir. 2022) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). A Rule 60(b)(4) challenge to jurisdiction "should be sustained only where there is a 'clear usurpation of power' or 'total want of jurisdiction.'" *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (citation omitted). If the court has both subject matter and personal jurisdiction, then "the 'only inquiry is whether the district court acted in a manner so inconsistent with due process as to render the judgment void.'" *Id.* at 210 (citation omitted).

Taylor does not argue that this Court lacked jurisdiction over him or these proceedings. Nor does he argue that he was deprived of notice or the opportunity to

4

be heard by this Court. Rather, Taylor's arguments are centered on alleged jurisdictional and due process defects that occurred during the underlying *state court* child-support proceedings over a decade ago. This Court, however, has already held that Taylor's 42 U.S.C. § 1983 claims as to those state court proceedings are prescribed and that it lacks jurisdiction over the supplemental state-law fraud claim.[21] Therefore, because Taylor has suffered no apparent jurisdictional error or violation of due process before this Court, he has not met his burden to show that he is entitled to Rule 60(b) relief in this case.

Accordingly,

**IT IS ORDERED** that the Plaintiff's motion[22] for relief from judgment is **DENIED**.

New Orleans, Louisiana, this 10th day of July, 2026.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[21] ECF Nos. 14, 19.
[22] ECF No. 44.